## (January 27, 1983)

■ In the Matter of the Liquidation of SUMMIT INSURANCE COMPANY OF NEW YORK, Respondent. RAJEN SHARMA, Appellant. — Order of the Supreme Court, New York County (Price, J.), entered October 14, 1981, unanimously modified, on the law, the facts and in the exercise of discretion, to increase the damage award for pain and suffering to the sum of $4,000, and, except as so modified, affirmed, without costs. Claimant was injured while riding his motorcycle when he was struck by a hit-and-run driver. Claimant was insured by Summit Insurance Company of New York. Pursuant to the uninsured motorist indorsement contained in his policy he made demand for arbitration. While the proceedings were pending Summit was taken over by the Superintendent of Insurance, initially for rehabilitation and then for liquidation. Hearings were held before a referee who ruled that the accident was due to the negligence of the hit-and-run driver without any fault on the part of the claimant. However, he awarded him damages for lost earnings and medical expenses only. He refused to make any award for pain and suffering. The superintendent moved to confirm the report of the referee while claimant cross-moved to vacate it. Special Term was of the opinion that it was error to deny claimant any award for pain and suffering. Accordingly, it modified the report to award claimant $600 for pain and suffering. Although the injuries suffered were not of a permanent nature, they included, among other things, the fracture of a finger and a dislocation of the knee which entailed a hospital stay of some seven or eight hours. In these circumstances, we think Special Term was rather niggardly in its award for pain and suffering. Accordingly, we modify to increase that award to the sum of $4,000. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALDANA BENETES, Appellant. — Judgment, Supreme Court, New York County (Altman, J.), rendered on April 7, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAINES HEARNS, Appellant. — Judgment, Supreme Court, Bronx County (Parness, J.), rendered on February 17, 1981, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.

■ DIOMEDES SERRANO, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Order, the State Human Rights Appeal Board, dated October 14, 1980, unanimously confirmed, the cross motion granted and the petition dismissed, without costs and without disbursements. No opinion. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.